USDC SCAN INDEX SHEET










```
JOEH    4/13/06    13:50
3:05-CV-01620    DJ ORTHOPEDICS LLC V. GENERATION II
*6*
*ANS.*
```

F I L E D

06 APR 12 PM 2:29

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

1  Duane H. Mathiowetz (SBN 111831)
   David L. Bilsker (SBN 152383)
2  HOWREY LLP
   525 Market Street, Suite 3600
3  San Francisco, California 94105
   Telephone: (415) 848-4900
4  Facsimile: (415) 848-4999

5  Attorneys for Defendant
   GENERATION II ORTHOTICS, INC.

## UNITED STATES DISTRICT COURT

### SOUTHERN DISTRICT OF CALIFORNIA

### SAN DIEGO DIVISION

**BY FAX**

| | |
|---|---|
| DJ ORTHOPEDICS, LLC, a Delaware Limited Liability Company, | Case No. 05 CV 1620 BEN (JMA) |
| Plaintiff, | ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT, AND COUNTERCLAIM FOR DECLARATION OF INVALIDITY, UNENFORCEABILITY, AND NON-INFRINGEMENT |
| vs. | |
| GENERATION II ORTHOTICS, INC., a Canadian Corporation. | DEMAND FOR JURY TRIAL |
| Defendant. | |

ANSWER TO COMPLAINT FOR PATENT
INFRINGEMENT AND COUNTERCLAIM

ORIGINAL    Case No. 05 CV 1620

Defendant, GENERATION II ORTHOTICS, INC., (Gen II) hereby answers the complaint of DJ ORTHOPEDICS, LLC ("DJ") and asserts counterclaims against DJ as follows:

## JURISDICTION AND VENUE

1. With respect to paragraph 1 of the complaint, no response is necessary.

2. With respect to paragraph 2 of the complaint, no response is necessary.

3. With respect to paragraph 3 of the complaint, no response is necessary.

## THE PARTIES

4. With respect to paragraph 4 of the complaint, no response is necessary.

5. GEN II admits that it is a corporation organized and existing under the laws of British Columbia, Canada, having a principal place of business at 12111 Jacobson Way, Vancouver, British Columbia V6W 1L5, Canada.

6. GEN II denies that it has committed the acts complained of in the complaint, and on that basis denies the allegations of paragraph 6 of the complaint.

## ALLEGATIONS FOR ALL CLAIMS FOR RELIEF

7. Gen II denies that the PTO duly and lawfully issued the '439 patent, and on that basis denies the allegations of paragraph 7 of the complaint.

8. Gen II admits that on or about November 18, 2004, DJ provided a copy of the '136 publication to representatives for Gen II. Gen II is without knowledge sufficient to form a belief as to the truth of the remaining allegations of paragraph 8, and on that basis denies same and puts plaintiff to its proof.

9. Gen II denies that the PTO duly and lawfully issued the '126 patent, and denies that it had actual notice of the '126 patent based on its knowledge of the '136 patent as alleged in paragraph 9. Gen II is without knowledge sufficient to form a belief as to the truth of the remaining allegations of paragraph 9, and on that basis denies same and puts plaintiff to its proof.

10. Gen II denies the allegations of paragraph 10 of the complaint.

11. Gen II denies the allegations of paragraph 11 of the complaint.

ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT AND COUNTERCLAIM   1   Case No. 05 CV 1620

## FIRST CLAIM FOR RELIEF

## INFRINGEMENT OF U.S. PATENT NO. 6,623,439

12. With respect to paragraph 12 of the complaint, no response is necessary.

13. With respect to paragraph 13 of the complaint, no response is necessary.

14. Gen II denies the allegations of paragraph 14 of the complaint.

15. Gen II denies the allegations of paragraph 15 of the complaint.

16. Gen II denies the allegations of paragraph 16 of the complaint.

17. Gen II denies the allegations of paragraph 17 of the complaint.

## SECOND CLAIM FOR RELIEF

## INFRINGEMENT OF U.S. PATENT NO. 6,878,126

18. With respect to paragraph 18 of the complaint, no response is necessary.

19. With respect to paragraph 19 of the complaint, no response is necessary.

20. Gen II denies the allegations of paragraph 20 of the complaint.

21. Gen II denies the allegations of paragraph 21 of the complaint.

22. Gen II denies the allegations of paragraph 22 of the complaint.

23. Gen II denies the allegations of paragraph 23 of the complaint.

## AFFIRMATIVE DEFENSES

By and for its affirmative defenses, Gen II states:

## FIRST AFFIRMATIVE DEFENSE

24. The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

25. Upon information and belief, and as will likely be supported by evidence after reasonable opportunity for further investigation and discovery, the '439 patent is invalid, null, void, and/or unenforceable for failure to comply with the conditions and requirements for patentability specified in Title 35 U.S.C., including, but not limited to, 35 U.S.C. §§ 102, 103, and/or 112.

ANSWER TO COMPLAINT FOR PATENT
INFRINGEMENT AND COUNTERCLAIM

2

Case No. 05 CV 1620

### THIRD AFFIRMATIVE DEFENSE

26. Upon information and belief, and as will likely be supported by evidence after reasonable opportunity for further investigation and discovery, the '126 patent is invalid, null, void, and/or unenforceable for failure to comply with the conditions and requirements for patentability specified in Title 35 U.S.C., including, but not limited to, 35 U.S.C. §§ 102, 103, and/or 112.

### FOURTH AFFIRMATIVE DEFENSE

27. Gen II has not infringed, contributorily infringed, and/or induced infringement of the '439 patent and is not liable for infringement thereof.

### FIFTH AFFIRMATIVE DEFENSE

28. Gen II has not infringed, contributorily infringed, and/or induced infringement of the '126 patent and is not liable for infringement thereof.

### SIXTH AFFIRMATIVE DEFENSE

29. Upon information and belief, plaintiff knew or should have known that the design and use of the accused orthorpedic knee brace of Gen II does not infringe any of the claims of the '439 patent or the '126 patent, and nevertheless brought the present action against Gen II for the purpose of wrongfully excluding Gen II from the market for orthopedic knee braces; by initiating and maintaining the present action, plaintiff has engaged in patent misuse and vexatious litigation barring plaintiff from any relief herein.

### SEVENTH AFFIRMATIVE DEFENSE

30. DJ's claims for relief and alleged damages are limited by 35 U.S.C. § 287.

### EIGHTH AFFIRMATIVE DEFENSE

31. DJ's remedies under the asserted patents are barred by laches, waiver, acquiescence, or estoppel.

### COUNTERCLAIM OF INVALIDITY, UNENFORCEABILITY AND NON-INFRINGEMENT

Gen II, through its attorneys, hereby alleges as follows:

32. This counterclaim is for a Declaratory Judgment declaring the '439 and '126 patents invalid, unenforceable, and/or not infringed by Gen II arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq*, and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

33. Jurisdiction of this Court over Count I of this Counterclaim is based upon 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202, and upon Rule 13 of the Federal Rules of Civil Procedure.

34. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1391 and 1400, and plaintiff, by virtue of having brought suit against Gen II, has submitted itself to the jurisdiction of this Court.

35. Plaintiff claims to be the owner of the '439 patent and the '126 patent, and has brought suit against Gen II herein for alleged infringement of said patents.

36. An actual case or controversy exists between plaintiff and DJ based upon plaintiff having filed the Complaint against Gen II.

37. Neither Gen II nor any of its customers have infringed any of the claims of the '439 patent and/or the '126 patent.

38. Upon information and belief, and as will likely be supported by evidence after reasonable opportunity for further investigation and discovery, the '439 patent and the '126 patent are invalid, null, void, and/or unenforceable for failure to comply with the conditions and requirements for patentability specified in Title 35 U.S.C., including, but not limited to, 35 U.S.C. §§ 102, 103, and/or 112.

39. Gen II has been injured and damaged by plaintiff's filing of the Complaint in the present case asserting a patent that is invalid, unenforceable, and not infringed.

WHEREFORE, Defendant, Gen II prays that:

1. Plaintiff's Complaint be dismissed with prejudice and that judgment be entered for Gen II.

2. With respect to the Counterclaim, that

    A. United States Patent No. 6,623,439 be adjudged and decreed invalid and unenforceable.

ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT AND COUNTERCLAIM        4        Case No. 05 CV 1620

|   |   |   |
|---|---|---|
| 1 | B. | United States Patent No. 6,878,126 be adjudged and decreed invalid and unenforceable. |
| 3 | C. | Gen II be adjudged and decreed not to have infringed, contributorily infringed, or induced others to infringe the claims of United States Patent No. 6,623,439. |
| 5 | D. | Gen II be adjudged and decreed not to have infringed, contributorily infringed, or induced others to infringe the claims of United States Patent No. 6,878,126. |
| 7 | E. | This case be adjudged and decreed exceptional pursuant to 35 U.S.C. § 285 and Gen II be awarded its costs and attorneys fees incurred in defending this action, as well as pre-judgment and post-judgment interest on said fees and costs as permitted by law. |
| 11 | F. | For such other and further relief as the Court deems just and proper. |

### DEMAND FOR TRIAL BY JURY

Gen II hereby demands a trial by jury on its counterclaims.

Dated: April 12, 2006

HOWREY LLP

By: _____
Duane Mathiowetz (SBN 111831)
HOWREY LLP
525 Market Street, Suite 3600
San Francisco, California 94105
Telephone: (415) 848-4900
Facsimile: (415) 848-4999

Attorneys for Defendant
GENERATION II ORTHOTICS, INC.

ANSWER TO COMPLAINT FOR PATENT
INFRINGEMENT AND COUNTERCLAIM

5

Case No. 05 CV 1620

# CERTIFICATE OF SERVICE

I, Stephanie D.M. Pearson, declare that I am employed in the City and County of San Francisco, California in the office of a member of the bar of this court at whose direction this service was made. I am over the age of eighteen and not a party to this action. My business address is Howrey LLP, 525 Market Street, Suite 3600, San Francisco, California, 94105.

On April 12, 2006, I served the following documents exactly entitled:

**ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT, AND COUNTERCLAIM FOR DECLARATION OF INVALIDITY, UNENFORCEABILITY, AND NON-INFRINGEMENT**

on the interested parties in this action by placing a true and correct copy thereof, on the above date, enclosed in a sealed envelope, following the ordinary business practice of Howrey LLP, as follows:

| | |
|---|---|
| Steven J. Natauspsky | Mark A. Finkelstein |
| Joseph M. Reisman | Jordan B. Kushner |
| Scott Loras Murray | LATHAM & WATKINS LLP |
| KNOBBE, MARTENS, OLSEN & BEAR LLP | 650 Town Center Drive |
| 2040 Main Street, Fourteenth Floor | Costa Mesa, CA 92626 |
| Irvine, CA 92614 | T: 714.540.1235 |
| T: 949.760.0404 | F: 714.755.8290 |
| F: 949.760.3502 | mark.finkelstein@lw.com |
| snataupsky@knob.com | jordan.kushner@lw.com |

[X] **U.S. Mail:** I am personally and readily familiar with the business practice of Howrey LLP for collection and processing of correspondence for mailing with the United States Postal Service, pursuant to which mail placed for collection at designated stations in the ordinary course of business is deposited the same day, proper postage prepaid, with the United States Postal Service. I caused such document[s] to be sent via U.S. Mail according to the practices above.

[ ] **HAND-DELIVERY:** I caused such document[s] to be delivered by a courier service on the same day.

[ ] **FACSIMILE TRANSMISSION:** I caused such document[s] to be sent by facsimile transmission to the above-listed fax number for the party(ies) indicated.

[ ] **OVERNIGHT COURIER:** I caused such documents[s] to be delivered by an overnight courier service for delivery by 10:30 a.m. the following business day.

[ ] **ELECTRONIC MAIL:** I caused said document[s] to be sent by electronic mail to the e-mail address(es) indicated for the party(ies) listed above.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed on April 12, 2006, at San Francisco, California.

_____
Stephanie Pearson

ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT AND COUNTERCLAIM

Case No. 05 CV 1620